UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Conservation Law Foundation, Inc., | )<br>)<br>) Case No. _____<br>) |
| Plaintiff, | )<br>) |
| v. | ) **COMPLAINT FOR**<br>) **DECLARATORY AND INJUNCTIVE**<br>) **RELIEF AND CIVIL PENALTIES** |
| Transdev North America, Inc., and<br>Transdev Services, Inc., | )<br>)<br>)<br>) |
| Defendants. | )<br>)<br>) (Clean Air Act, 42 U.S.C. §§ 7401, *et seq*.)<br>) |

## **INTRODUCTION**

1. This is a citizen enforcement suit brought by Plaintiff, Conservation Law Foundation, Inc. ("Plaintiff" or "CLF"), on behalf of its individual members, to redress and prevent Clean Air Act violations that negatively affect the health and lives of Massachusetts residents by repeatedly exposing them to harmful air pollutants.

2. Defendants Transdev North America, Inc. and Transdev Services, Inc. ("Transdev" or "Defendants") own and operate a fleet of school buses that are housed at locations across Massachusetts, including: 2000 Washington Street, Roxbury, MA 02119; D Street, Boston, MA 02129 (also listed as 60-66 Cambridge Street, Boston, MA 02129); and 34 Freeport Street, Boston, MA 02125 (collectively, the "bus lots").

3. The Defendants have repeatedly violated, are violating, and continue to violate the Clean Air Act ("CAA" or "Act") and the Massachusetts State Implementation Plan ("SIP"), specifically, the Massachusetts motor vehicle idling limits contained within the federally enforceable Massachusetts SIP.

1

4.      Upon information and belief, Transdev has, on numerous occasions, caused, suffered, allowed, or permitted the idling of motor vehicles in excess of the five-minute time period allowed by 310 C.M.R. § 7.11(1)(b), and not in accordance with any exceptions listed in 310 C.M.R. § 7.11(1)(b)(1), (2), or (3).

5.      Plaintiff is unaware of any actions taken by Transdev that are sufficient to prevent future violations of the type alleged in this Complaint. Absent an appropriate order from this Court, Transdev is likely to repeat its violations of the Act as described below. Plaintiff intends this action to encompass post-Complaint violations of the types alleged in the Complaint.

## THE CITIZEN SUIT PROVISION OF THE CLEAN AIR ACT

6.      Congress has declared that the purpose of the Clean Air Act is "to protect and enhance the quality of the Nation's air resources as to promote the public health and welfare and the productive capacity of its population." 42 U.S.C. § 7401(b)(1).

7.      In the "citizen suit" provision of the Act, Congress authorized any person to commence a civil action against any person who is alleged to have violated (if there is evidence that the alleged violation has been repeated) or to be in violation of an emission standard or limitation under the Act. 42 U.S.C. § 7604(a)(1).

8.      The Act defines each of the following as an "emission standard or limitation":

   (a) any standard or limitation established "under any applicable State implementation plan approved by the Administrator" (42 U.S.C. § 7604(f)(4)).

9.      The Act directs each state or local air pollution control agency to develop a State Implementation Plan that describes how it will achieve and maintain compliance with National Ambient Air Quality Standards ("NAAQS") set by the United States

Environmental Protection Agency ("EPA") to protect human health and the environment.

10. The Commonwealth of Massachusetts has an EPA-approved SIP which includes regulation 310 C.M.R. § 7.11(1)(b) (the "Massachusetts idling regulation"), which prohibits the unnecessary operation of the engine of a motor vehicle while the vehicle is stopped for a period of time in excess of five minutes.

11. In this action, Plaintiff alleges Transdev has violated the Massachusetts idling regulation contained in the Massachusetts SIP.

12. The Clean Air Act's citizen suit provision provides district courts with jurisdiction to "enforce" emission standards and limitations, and to impose an appropriate civil penalty on the violator of those emissions standards and limitations. 42 U.S.C. § 7604(a).

13. Standards or limitations established under any EPA-approved SIP are enforceable by citizens under the Act. 42 U.S.C. § 7604(f)(4).

**PARTIES**

14. Plaintiff, Conservation Law Foundation ("CLF"), is a nonprofit, member-supported, regional organization dedicated to protecting New England's environment. It is incorporated under the laws of Massachusetts with a principal place of business at 62 Summer Street, Boston, MA 02110. CLF has over 4,912 members, including 2,278 members in Massachusetts. Its mission includes safeguarding the health and quality of life of New England communities facing the adverse effects of air pollution.

15. CLF's membership includes individuals who live and recreate near the bus lots where vehicles owned and/or operated by Transdev were idling in excess of five minutes.

16.     CLF members, their health and their well-being are harmed by Defendants' violations of the CAA.

17.     "Person" in the CAA is defined to include "corporations." 42 U.S.C. § 7602(e). CLF is a corporation and thus a "person" under the CAA.

18.     Defendant Transdev North America, Inc. is a corporation organized under the laws of the state of Delaware. It is headquartered at 720 E. Butterfield Road, Suite 300, Lombard, IL 60148 and does business within the Commonwealth of Massachusetts.

19.     Defendant Transdev Services, Inc. is a corporation organized under the laws of the state of Maryland and is a subsidiary of Transdev North America, Inc. It is headquartered at 720 E. Butterfield Road, Suite 300, Lombard, IL 60148, and does business within the Commonwealth of Massachusetts.

20.     Transdev North America, Inc. is the largest provider of multiple modes of transport, including school buses, in North America.

21.     Defendants are all persons within the meaning of Section 302(e) of the CAA, 42 U.S.C. § 7602(e).

## JURISDICTION, VENUE, AND NOTICE

22.     Subject matter jurisdiction is conferred upon this Court by 42 U.S.C. § 7604(a) (CAA citizen suit jurisdictional provision) and 28 U.S.C. § 1331 (federal question jurisdiction).

23.     Venue lies in this District pursuant to 42 U.S.C. § 7604(c)(1) (CAA citizen venue provision) and 28 U.S.C. § 1391(e) (federal venue provision), because the bus lots are located within this District.

24. Plaintiff gave Defendants notice of the violations alleged in this Complaint more than 60 days prior to commencement of this lawsuit by a letter (the "Notice Letter") mailed to: Michael Setzer, President of Transdev Services, Inc., and Yann Leriche, President of Transdev North America, Inc. A copy of the Notice Letter is attached as Exhibit 1. The Notice Letter is incorporated by reference herein.

25. Plaintiff also mailed a copy of the Notice Letter to CT Corporation System as Massachusetts, which is the registered agent for Transdev.

26. Each Defendant received the Notice Letter. A copy of each return receipt is attached as Exhibit 2.

27. Copies of the Notice Letter were also mailed to the Administrator of the EPA, the Regional Administrator of the EPA for Region 1, the Massachusetts Environmental Department (MassDEP) Commissioner, and the EPA Citizen Suit Coordinator.

28. Each of the addressees identified in the preceding paragraph received the Notice Letter. A copy of each return receipt is attached as Exhibit 3.

29. The Notice Letter satisfies the pre-suit notice requirements of the CAA, pursuant to 42 U.S.C. § 7604(b).

30. Neither MassDEP nor EPA has commenced a civil action against the Defendants in court to enforce vehicle anti-idling laws.

## STATUTORY AND REGULATORY BACKGROUND

31. The provisions of the Commonwealth of Massachusetts idling regulation at 310 C.M.R. § 7.11(1)(b) are part of a federally enforceable SIP approved by EPA under section 110 of the CAA, 42 U.S.C. § 7410.

32. The Massachusetts idling regulation at 310 C.M.R. § 7.11(1)(b) provides:

> No person shall cause, suffer, allow, or permit the unnecessary operation of the engine of a motor vehicle while said vehicle is stopped for a foreseeable period of time in excess of five minutes. 310 CMR 17.11 shall not apply to:
>
>   1. vehicles being serviced, provided that operation of the engine is essential to the proper repair thereof, or
>
>   2. vehicles engaged in the delivery or acceptance of goods, wares, or merchandise for which engine assisted power is necessary and substitute alternate means cannot be made available, or
>
>   3. vehicles engaged in an operation for which the engine power is necessary for an associated power need other than movement and substitute alternate power means cannot be made available provided that such operation does not cause or contribute to a condition of air pollution.

33. As a federally enforceable SIP under section 113(b) of the Act, 42 U.S.C. § 7413(b), each separate violation of the Massachusetts idling regulation subjects the violator to a penalty of up to $99,681 per day per violation for all CAA violations occurring after November 2, 2015, where penalties are assessed on or after February 6, 2019.

## **FACTUAL BACKGROUND**

34. Defendants provide public transportation services for Boston Public Schools, and have done so since 2012.

35. Defendants operate motor vehicles, including school buses, at bus lots in the Commonwealth of Massachusetts, including: 2000 Washington Street, Roxbury, MA 02119; D Street, Boston, MA 02129 (also listed as 60-66 Cambridge Street, Boston, MA 02129); and 34 Freeport Street, Boston, MA 02125.

36. The Defendants operate diesel-fueled school buses to transport Boston Public School students to and from schools.

37. Diesel-fueled school buses emit diesel fuel exhaust composed of fine particulates, nitrogen oxides ($NO_x$), sulfur dioxide ($SO_2$), benzene, formaldehyde, and forty other kinds of toxic air contaminants.

38. Fine particulates have been found to impair lung function, aggravate respiratory illnesses such as asthma, bronchitis, and emphysema, and are associated with premature deaths.

39. Exposure to $NO_x$ can aggravate respiratory diseases, particularly asthma, leading to respiratory symptoms (such as coughing, wheezing or difficulty breathing).

40. Longer exposures to elevated concentrations of $NO_x$ may contribute to the development of asthma and potentially increase susceptibility to respiratory infections.

41. People with asthma, as well as children and the elderly, are generally at greater risk for the health effects of $NO_x$.

42. Exposure to $SO_2$ can cause respiratory illness, aggravation of asthma, other adverse effects on breathing, alterations in pulmonary defenses, and aggravation of existing cardiovascular disease.

43. Exposure to high levels of $SO_2$ can cause chronic hypersensitivity to a wide range of respiratory irritant pollutants.

44. Children, the elderly, and people with asthma, cardiovascular disease, or chronic lung disease (such as bronchitis or emphysema) are particularly susceptible to the adverse effects of $SO_2$.

45. Benzene is a volatile organic compound ("VOC") and is designated as a Hazardous Air Pollutant under the Act.

46. Benzene is a known human carcinogen. Benzene exposure can also cause neurological harm in humans and animals.

47. Exposure to formaldehyde can cause eye, nose, and throat irritation and effects on the nasal cavity.

48. Other effects seen from exposure to high levels of formaldehyde in humans are coughing, wheezing, chest pains, and bronchitis.

49. Longer exposures to elevated concentrations of formaldehyde has been associated with respiratory symptoms and eye, nose, and throat irritation.

50. EPA considers formaldehyde to be a probable human carcinogen (cancer-causing agent).

51. Defendants emit fine particulates, nitrogen oxides ($NO_x$), sulfur dioxide ($SO_2$), benzene, formaldehyde, and forty other kinds of toxic air contaminants into the atmosphere from the bus lot located at 2000 Washington Street, Roxbury, MA 02119.

52. Non-diesel, non-electric buses, including ethanol, propane, and compressed natural gas buses, emit harmful air pollutants.

53. Ramsey Park and the Jim Rice baseball field are located directly across from the bus lot located at 2000 Washington Street, Roxbury, MA 02119.

54. Ramsay Park includes a playground, splash pad, skateboard area, basketball courts, tennis courts, and passive areas.

55. Tropical Foods supermarket and other grocery stores are within half a mile from the bus lot located at 2000 Washington Street, Roxbury, MA 02119.

56. Congregation Lion of Judah, Grant A.M.E. Church, and the Mosque for Praising Allah are all within half a mile from the bus lot located at 2000 Washington Street, Roxbury, MA 02119.

57. Little Sprouts Early Education & Child Care and Boston Medical Center are within half a mile from the bus lot located at 2000 Washington Street, Roxbury, MA 02119.

58. According to the 2010 U.S. Census data, approximately 25,236 people live within two miles of the bus lot located at 2000 Washington Street, Roxbury, MA 02119.

59. Defendants emit fine particulates, nitrogen oxides ($NO_x$), sulfur dioxide ($SO_2$), benzene, formaldehyde, and forty other kinds of toxic air contaminants into the atmosphere from the bus lot located at D Street, Boston, MA 02129.

60. Sullivan Square community garden and the Doherty Playground are within half a mile of the bus lot located at D Street, Boston, MA 02129.

61. The Doherty Playground includes a splash pad, basketball courts, and the Clougherty Community pool.

62. Early education preschool, Bright Horizons at Schraffts, and higher education institutions, Cambridge College and Bunker Hill Community College, are within half a mile of the bus lot located at D Street, Boston, MA 02129.

63. The Charlestown Working Theater, a community-focused theater company, is within half a mile of the bus lot located at D Street, Boston, MA 02129.

64. According to the 2010 U.S. Census data, approximately 16,439 people live within two miles of the bus lot located at D Street, Boston, MA 02129.

65. Defendants emit fine particulates, nitrogen oxides ($NO_x$), sulfur dioxide ($SO_2$), benzene, formaldehyde, and forty other kinds of toxic air contaminants into the atmosphere from the bus lot located at 34 Freeport Street, Boston, MA 02125.

66. Ronan Park and Allen Park are within half a mile of the bus lot located at 34 Freeport Street, Boston, MA 02125.

67. Ronan Park includes tot spray stands, a baseball park, basketball courts, and passive areas.

68. Ministerio Nuevo Comienzo, the First Parish Dorchester, and St. Peter's Parish, are within half a mile of the bus lot located at 34 Freeport Street, Boston, MA 02125.

69. Elementary school, Mather School, and the adult care center, Sarah Care of Dorchester, are within half a mile of the bus lot located at 34 Freeport Street, Boston, MA 02125.

70. According to the 2010 U.S. Census data, approximately 33,295 people live within two miles of the bus lot located at 34 Freeport Street, Boston, MA 02125.

## DEFENDANTS' VIOLATIONS OF THE CLEAN AIR ACT

71. On the dates listed below, a CLF investigator observed buses at the bus lots idling in excess of five minutes for the following amounts of time:

| Paragraph | Date | Bus Lot | Idling Start Time | Idling End Time | Duration of Idling (minutes) | Excess Idling (minutes) |
|---|---|---|---|---|---|---|
| 71a | 3/13/2019 | 2000 Washington Street, Roxbury, MA | 5:13AM | 5:21AM | 0:08 | 3 |
| 71b | 3/13/2019 | 2000 Washington Street, Roxbury, MA | 5:16AM | 5:47AM | 0:31 | 26 |

10

| | | | | | | |
|---|---|---|---|---|---|---|
| 17c | 3/13/2019 | 2000 Washington Street, Roxbury, MA | 5:21AM | 5:38AM | 0:17 | 12 |
| 71d | 3/13/2019 | 2000 Washington Street, Roxbury, MA | 5:24AM | 5:38AM | 0:14 | 9 |
| 71e | 3/13/2019 | 2000 Washington Street, Roxbury, MA | 5:33AM | 6:13AM | 0:40 | 35 |
| 71f | 3/13/2019 | 2000 Washington Street, Roxbury, MA | 6:00AM | 6:24AM | 0:24 | 19 |
| 71g | 3/13/2019 | 2000 Washington Street, Roxbury, MA | 12:33PM | 12:50PM | 0:17 | 12 |
| 71h | 3/13/2019 | 2000 Washington Street, Roxbury, MA | 12:49PM | 12:55PM | 0:06 | 1 |
| 71i | 3/13/2019 | 2000 Washington Street, Roxbury, MA | 1:25PM | 1:40PM | 0:15 | 10 |
| 71j | 3/13/2019 | 2000 Washington Street, Roxbury, MA | 2:51PM | 3:12PM | 0:21 | 16 |
| 71k | 3/27/2019 | 2000 Washington Street, Roxbury, MA | 5:22AM | 5:35AM | 0:13 | 8 |
| 71l | 3/27/2019 | 2000 Washington Street, Roxbury, MA | 5:37AM | 6:08AM | 0:31 | 26 |
| 71m | 3/28/2019 | 2000 Washington Street, Roxbury, MA | 4:58AM | 5:23AM | 0:25 | 20 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 71n | 3/28/2019 | 2000 Washington Street, Roxbury, MA | 5:54AM | 6:00AM | 0:06 | 1 |
| 71o | 3/28/2019 | 2000 Washington Street, Roxbury, MA | 6:02AM | 6:17AM | 0:15 | 10 |
| 71p | 3/28/2019 | 2000 Washington Street, Roxbury, MA | 6:02AM | 6:34AM | 0:32 | 27 |
| 71q | 3/28/2019 | 2000 Washington Street, Roxbury, MA | 6:36AM | 6:44AM | 0:08 | 3 |
| 71r | 3/28/2019 | 2000 Washington Street, Roxbury, MA | 6:36AM | 6:53AM | 0:17 | 12 |
| 71s | 3/28/2019 | 2000 Washington Street, Roxbury, MA | 6:59AM | 7:15AM | 0:16 | 11 |
| 71t | 4/25/2019 | 2000 Washington Street, Roxbury, MA | 5:11AM | 5:28AM | 0:12 | 7 |
| 71u | 4/25/2019 | 2000 Washington Street, Roxbury, MA | 5:30AM | 5:46AM | 0:16 | 11 |
| 71v | 4/25/2019 | 2000 Washington Street, Roxbury, MA | 5:47AM | 6:14AM | 0:27 | 22 |
| 71w | 4/25/2019 | 2000 Washington Street, Roxbury, MA | 6:18AM | 6:30AM | 0:12 | 7 |
| 71x | 4/25/2019 | 2000 Washington Street, Roxbury, MA | 6:36AM | 6:59AM | 0:23 | 18 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 71y | 4/25/2019 | 2000 Washington Street, Roxbury, MA | 7:18AM | 7:25AM | 0:07 | 2 |
| 71z | 4/25/2019 | 2000 Washington Street, Roxbury, MA | 7:24AM | 7:45AM | 0:25 | 16 |
| 71aa | 3/14/2019 | D Street, Boston, MA | 4:16AM | 4:49AM | 0:33 | 28 |
| 71bb | 3/14/2019 | D Street, Boston, MA | 5:22AM | 5:49AM | 0:27 | 22 |
| 71cc | 4/23/2019 | D Street, Boston, MA | 5:03AM | 5:23AM | 0:20 | 15 |
| 71dd | 4/23/2019 | D Street, Boston, MA | 5:26AM | 5:37AM | 0:10 | 5 |
| 71ee | 4/23/2019 | D Street, Boston, MA | 5:58AM | 6:06AM | 0:08 | 3 |
| 71ff | 3/27/2019 | 34 Freeport Street, Boston, MA | 7:20AM | 7:33AM | 0:13 | 8 |
| 71gg | 3/29/2019 | 34 Freeport Street, Boston, MA | 7:25AM | 7:38AM | 0:13 | 8 |
| 71hh | 3/29/2019 | 34 Freeport Street, Boston, MA | 12:29PM | 1:31PM | 1:02 | 57 |
| 71ii | 3/29/2019 | 34 Freeport Street, Boston, MA | 12:54PM | 1:03PM | 0:09 | 4 |
| 71jj | 3/29/2019 | 34 Freeport Street, Boston, MA | 1:48PM | 1:59PM | 0:11 | 6 |
| 71kk | 3/29/2019 | 34 Freeport Street, Boston, MA | 2:00PM | 2:51PM | 0:51 | 46 |
| 71ll | 4/24/2019 | 34 Freeport Street, Boston, MA | 12:04PM | 1:35PM | 1:31 | 86 |
| 71mm | 4/24/2019 | 34 Freeport Street, Boston, MA | 1:41PM | 1:50PM | 0:09 | 4 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 71nn | 4/24/2019 | 34 Freeport Street, Boston, MA | 3:37PM | 3:48PM | 0:11 | 6 |
| 71oo | 7/2/2019 | 34 Freeport Street, Boston, MA | 12:36PM | 1:30PM | 0:54 | 49 |
| 71pp | 7/2/2019 | 34 Freeport Street, Boston, MA | 12:49PM | 1:01PM | 0:11 | 6 |

72.     Plaintiff believes that additional information from other sources not yet publicly available will reveal additional violations.

### PLAINTIFF AND ITS MEMBERS ARE HARMED BY DEFENDANTS' CLEAN AIR ACT VIOLATIONS

73.     Plaintiff's members live near, rent or own property near, and spend time shopping, recreating, and conducting activities near the bus lots.

74.     Plaintiff's members reside in Boston, Massachusetts.

75.     Plaintiff's members breathe the emissions and air pollutants from the bus lots.

76.     Plaintiff's members can see air pollution coming from the school buses at the bus lots.

77.     Plaintiff's members who live near and spend time at the parks, community centers, educational institutions, and/or stores near the bus lots experience difficulty breathing and other respiratory symptoms.

78.     Plaintiff's members are reasonably concerned about breathing carcinogens emitted by the school buses at the bus lots.

79.     Plaintiff's members want to breathe as little air pollution from the school buses at the bus lots as possible.

80. Plaintiff's members are reasonably concerned that the air pollution released from the school buses at the bus lots described in this Complaint has harmed, and continues to harm and threaten, their health and their families' health.

81. The greater the number of exposures to particulate matter, nitrogen oxides, sulfur dioxide, benzene, and formaldehyde, and the higher the levels of those exposures, the more a person's health is compromised. Reductions in the concentrations of these pollutants are beneficial to human health.

82. The actual and threatened harm to Plaintiff's members would be redressed by an injunction, civil penalty, and other relief that prevents or deters future violations of the Act by the Defendants, and that requires the Defendants to offset their pollution from these violations by reducing their pollution, or otherwise remediating harm that has already been caused to Plaintiff's members and their local communities.

## CLAIM FOR RELIEF

### Cause of Action:
### Violation of Massachusetts Idling Regulation

83. Plaintiff incorporates the allegations contained in the above paragraphs as though fully set forth herein.

84. The Massachusetts idling regulation at 310 C.M.R. § 7.11(1)(b) prohibits "the unnecessary operation of the engine of a motor vehicle while said vehicle is stopped for a foreseeable period of time in excess of five minutes."

85. A bus, including the school buses at issue here, is defined as a "motor vehicle" under 310 C.M.R. § 7.00.

86. The Defendants caused, suffered, allowed or permitted their motor vehicles to operate unnecessarily while those vehicles were stopped for a foreseeable period of time

in excess of five minutes. The operation of the engines of Defendants' school buses did not occur within any exceptions listed in 310 C.M.R. § 7.11(1)(b)(1), (2) or (3).

87. Therefore, the Defendants violated 310 C.M.R. § 7.11(1)(b), an applicable SIP provision, numerous times during March, April, and July of 2019.

88. Pursuant to section 113(b) of the Act, 42 U.S.C. § 7413(b), Defendants are liable for a civil penalty of up to $99,681 per day for each violation that occurred after November 2, 2015, where penalties are assessed on or after February 6, 2019.

## RELIEF REQUESTED

89. Wherefore, Plaintiff respectfully requests that this Court grant the following relief:

(a) Declare Defendants to have violated and to be in violation of 310 C.M.R. § 7.11(1)(b) for causing, suffering, allowing or permitting their motor vehicles to operate unnecessarily while those vehicles were stopped for a foreseeable period of time in excess of five minutes;

(b) Permanently enjoin the Defendants from idling any motor vehicles in violation of 310 C.M.R. § 7.11(1)(b);

(c) Order Defendants to comply fully and immediately with 310 C.M.R. § 7.11(1)(b) in all their bus lots;

(d) Order Defendants to pay civil penalties of $99,681 per day for each violation for all CAA violations that occurred after November 2, 2015 and that are assessed on or after February 6, 2019;

(e) Order Defendants to take appropriate actions to remedy harm caused by Defendants' noncompliance with the Clean Air Act;

(f) Award Plaintiff's costs (including reasonable investigative, attorney, witness, and consultant fees) as permitted by Section 304 (d) of the Clean Air Act, 42 U.S.C. § 7406(d); and

(g) Award any such other and further relief as the Court may deem appropriate.

                              CONSERVATION LAW FOUNDATION, INC.,

                              By its attorney,

                              */s/ Heather A. Govern*
                              Heather A. Govern, Esq.
                              MA Bar No. 686281
                              Conservation Law Foundation
                              62 Summer Street
                              Boston, MA 02110
                              (617) 850-1765
                              hgovern@clf.org

Dated: July 9, 2019